GARRETT, Judge.
The trial court’s order dismissed appellant Bill Hyde’s complaint and directed ap-pellee City of Dania’s supervisor of elections to remove his name as a city commissioner candidate from a primary election ballot. We reverse.
In 1990 the Florida Legislature authorized the annexation of certain lands into Dania. The legislation provided that the citizens of the area to be annexed could pass a referendum allowing the annexation. In January of 1991, in a special election, voters passed such a referendum.
Appellant had lived in the annexed area since April of 1988. He attempted to file as a candidate for city commissioner of Dania. Appellant’s candidacy was rejected on the basis that he had not lived in Dania for six months prior to the election as required by the municipal charter.
Appellant then filed suit challenging the constitutionality of the charter provision. He obtained an order from the trial court that directed Dania to accept his filing papers and his name was placed on the primary ballot. At the final hearing, the trial court issued the appealed order that found the durational residency requirement for city commissioner candidates constitutional as applied to appellant and struck his name from the primary ballot. This court’s order stayed the trial court's order and appellant’s name remained on the primary ballot. He received a sufficient number of votes to qualify as a candidate in the general election.
Although the parties have only dealt with constitutional issues, we choose to address the issue of whether upon annexation appellant acquired all the rights of a resident of Dania so that his residency period in the annexed area should have been considered in determining his eligibility to run for city commissioner.
Appellant relies in part on Gibson v. Wood, 105 Ky. 740, 49 S.W. 768 (Ky.1899), which we believe is analogous to this appeal. Gibson was not resolved on the constitutionality of the ordinance but on the effect annexation has on the rights and responsibilities of the residents of the annexed area.
The candidate in Gibson, a Mr. Wood, lived outside of Louisville, Kentucky, in Enterprise and had lived at the same address for six years prior to the election. Apparently, the territory upon which his residence was located had been annexed to the City of Louisville only two months before he was elected. The Kentucky court *895 questioned whether it should give Wood the benefit of his period of residence from the time he moved into his home or restrict him to the time that his home had been incorporated into the city limits of Louisville. It defined the issue as follows:
When the territory occupied by the defendant’s residence was incorporated into the city of Louisville, did he then acquire all rights of a resident of the city of Louisville, and is he entitled to consider the period of his residence in Enterprise in determining his eligibility to this office.
Id. 49 S.W. at 768. After analyzing various cases, the Gibson court concluded that,
When the defendant and his territory became parts of the city of Louisville, they are entitled to all the benefits that belong to all the other property and citizens of Louisville. To hold otherwise would be to bring persons into the city of Louisville, and to burden them with city taxation and all the burdens of our city government, without granting them all the privileges which it had granted to its other residents. It would put the burdens on all residents alike, but would give different rights to different classes of citizens, by distinguishing the old resident from the annexed resident. It follows that the defendant was eligible to the office to which he was elected....
Id. 49 S.W. at 770. The same is true in this case. By applying the durational residency requirement to residents of the annexed area, the court created two different classes of citizens, requiring the new citizens to share the burdens but not to share the benefits of being residents of Dania.
The Gibson court relied on an Ohio case, Renner v. Bennett, 21 Ohio St. 431 (1871). The issue in Renner was: when determining the eligibility of inmates of a soldiers’ home to vote in a state election, should the time they had resided in the same spot (the home) while it was under the jurisdiction of the federal government be taken into consideration. The Ohio court held that it should be, finding that in one sense the state of Ohio was a territory and in another sense it was a political organization. Territorially the home was in the state, even though politically, that is jurisdictionally, the home and its inmates may have been outside the state. Gibson, 49 S.W. at 769. The Gibson opinion quotes the following language from Renner:
It seems to us it is sufficient that the voter, at the time of the election, has a “residence,” in the political and jurisdictional sense of the term, within the proper political division, and has resided in the same place for the prescribed length of time to fulfill this requirement of the constitution. In such a case it is true, in the primary sense of the words, that there is no change of residence, but merely a change of jurisdiction. To say that there is a change of residence is to give the words a secondary meaning.
Gibson, 49 S.W. at 770.
Therefore, we hold that appellant as a resident of the annexed area met the dura-tional residency requirement for city commissioner by living at his residence for more than six months prior to the election even if the area that was annexed was annexed less than six months before the election. Accordingly, we reverse the trial court’s order and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ANSTEAD and POLEN, JJ., concur.